IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
04 JUL 14 PM 3:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SEYED MOOSAVI )  | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | |
| UNIVERSITY OF ALABAMA, ) | CV-03-JEO-2165-W |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S MOTION TO STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(e)

**COMES NOW** the plaintiff, Seyed Moosavi, in the above-styled cause and pursuant to Federal Rule of Civil Procedure 56(e) moves this Honorable Court to strike various portions of items offered by the defendant as statements of fact in support of the Defendant's Motion for Summary Judgment in the above-styled cause. In support whereof, plaintiff states the following:

1. On or about June 9, 2004, the defendant filed its Motion for Summary Judgment.

2. Numerous statements made by the defendant as recitations of fact are due to be stricken for the reasons as further set out herein. These items include any and all statements made by the defendant in the "Section One: Facts" portion of his Brief Supporting the Motion for Summary Judgment that are not followed by a citation to the record.

3. The plaintiff respectfully requests these evidentiary items as listed above be stricken as they fail to meet the requirements of Federal Rule of Civil Procedure 56(e). The relevant portion of Rule 56(e) states, "Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence*, and shall show

1



affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e) (emphasis added).

   4.  The plaintiff respectfully requests that each and every statement referenced in Paragraph 2 of this Motion to Strike be stricken under Federal Rule of Civil Procedure 56(e) because the evidentiary items and statements are inadmissible under Federal Rules of Evidence 901(a). Rule 901(a) states as follows: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Courts have held that evidence must be authenticated by affidavit or other proper foundation that meets the requirements of Federal Rule of Civil Procedure 56 in order for the evidence to be considered in a motion for summary judgment. Evans v. Pemco Aeroplex, Inc., 1998 WL 1048470, *13 n.16 (N.D.Ala.); Burnett v. Stagner Hotel Courts, Inc., 821 F.Supp. 678, 683 (N.D.Ga. 1993), aff'd, 42 F.3d 645 (11th Cir. 1994); Williams v. Eckerd Family Youth Alternative, 903 F.Supp. 1515, 1518 (M.D.Fla. 1995); Hamilton v. Keystone Tankship Corp., 539 F.2d 684, 686 (9th Cir. 1976); see also First National Life Insurance Co. v. California Pacific Life Insurance Co., 876 F.2d 877, 881 (11th Cir. 1989).

   5.  Further, the Ninth Circuit has held that "when a party relies on deposition testimony in a summary judgment motion without citing to page and line numbers [in the party's Statement of Facts], the trial court may in its discretion exclude the evidence." Orr v. Bank of America, 285 F.3d 764, 775 (9th Cir. 2002). The court in Orr relies on the Seventh Circuit in its statement that, "'[j]udges need not paw over the files without assistance from the parties'" for "[t]he efficient management of judicial business mandates that parties submit evidence

responsibly." Id. (quoting Huey v. UPS, Inc., 165 F.3d 1084, 1085 (7th Cir. 1999)). The Eleventh Circuit has expressed similar concern in its statement that:

> "[W]e pause to emphasize attorneys' obligations under Federal Rule of Appellate Procedure 28 generally. ... Rule 28 requires appellants to submit a statement of relevant facts with corresponding record cites and requires appellees to do the same if dissatisfied with the appellants' version. These requirements are not to be taken lightly, especially since we are not obligated to cull the record ourselves in search of facts not included in the statement of facts."

Johnson v. City of Fort Lauderdale, Florida, 126 F.3d 1372, 1373 (11th Cir. 1997) (citations omitted); Fed. R. App. P. 28. Finally, several District Court judges in the Northern District of Alabama have echoed the implication of FRAP 28 by requiring movants to provide references to the evidentiary record following each sentence in the "Statement of Facts" section of a Motion for Summary Judgment and Brief in Support. See Judge Karen Bowdre, Exhibit A to Scheduling Order page 2 at www.alnd.uscourts.gov/bowdre/bowdrepage.htm ("Every statement of fact must be supported by specific reference to evidentiary material and should be an accurate statement of the facts."); Judge David Proctor, Exhibit A to Scheduling Order page 3 at www.alnd.uscourts.gov/proctor/proctorspage.htm ("Each such fact shall be set out in a separately numbered sentence and shall contain a specific reference to the evidentiary record which the movant claims supports it. Each sentence should be separately numbered with its own evidentiary citation, regardless that more than one sentence is purportedly supported by the same specific reference to the evidentiary record.").

      6.      The defendant submitted a Statement of Facts as part of his Brief Supporting a

3

Motion for Summary Judgment. (Def's Br. Supp. Mot. Summ. J. at 1-56.) However, the defendant fails to provide citations to the record for a large majority of the statements made in "Section One: Facts" of the brief. (Id.) Specifically, there are at least two hundred seven (207) sentences in the "Section One: Facts" section of the defendant's Brief that assert of "facts" and yet are wholly unsupported by any citation to the record.[1] (Id.)

7.  As the defendant has failed to provide any citations to the record for the sentences referenced in Paragraph 6 of this Motion to Strike, these assertions have not been authenticated, and thus the assertions should not be considered by this Court in its consideration of the motion for summary judgment. The statements by the defendant should not be considered as facts under Rule 56(e) because the defendant has provided no evidence to support these assertions. Pursuant to Rule 901(a), as the defendant has not identified any evidence to support the statements in its "Section One: Facts" as referenced in Paragraph 6 of this Motion to Strike, the defendant has not fulfilled the condition precedent of admissibility of these statements as fact. The defendant's failure to fulfill this condition precedent yields that the defendant has failed to sufficiently support a finding that the statements in question are actually "facts." This Court should not consider the defendant's statements as referenced in Paragraph 6 of this Motion to Strike because the defendant has not put forth any evidence, through its failure to provide citations to the record,

---

[1] A breakdown of the number of sentences averring "facts" that should be followed by a citation to the record, but do not have such a citation, is as follows: (1) Section I: at least 11 sentences (2) Section II A: at least 9 sentences (3) Section II B: at least 14 sentences (4) Section II C: at least 5 sentences (5) Section II D: at least 11 sentences (6) Section III A: at least 9 sentences (7) Section III B: at least 12 sentences (8) Section III C: at least 16 sentences (9) Section III D: at least 11 sentences (10) Section III E: at least 15 sentences (11) Section III F: at least 42 sentences (12) Section III G: at least 21 sentences (13) Section IV: at least 31 sentences. (Id.)

4

that the statements are "facts."

8.  Accordingly, the defendant's statements in "Section One: Facts" of the defendant's Brief in Support of a Motion for Summary Judgment are due to be stricken pursuant to Rule 56(e), because the defendant has failed to provide statements that are admissible as authenticated evidence, and thus the statements should not be considered in this Court's consideration of the motion for summary judgment. In the alternative, portions of the defendant's statements as referenced in Paragraph 6 of this Motion to Strike are due to be stricken.

9.  Further, the statements referenced in Paragraph 6 of this Motion to Stricken are due to be stricken because to require the plaintiff to locate the evidentiary source of each of the defendant's statements in order to confirm, substantiate, and refute such statements is an undue burden on the plaintiff. The defendant's failure to provide citations to the record for the statements referenced in Paragraph 6 of this Motion to Strike places an undue burden on plaintiff's counsel because it requires plaintiff's counsel to independently locate the evidentiary source for each of the 207 statements among the fifteen (15) depositions and over 14,000 pages of documents that have been compiled in the above-styled case. The evidentiary source of each of the defendant's statements is necessary for plaintiff's counsel to determine whether any of the statements are genuine issues of fact, to refute such statements in plaintiff's Motion in Opposition of Summary Judgment, and to otherwise confirm or refute the evidentiary source of such statements. This task imposes an undue burden on plaintiff's counsel because plaintiff's counsel would otherwise be unable to refute the defendant's statements and unable to identify genuine issues of material fact in the plaintiff's Motion in Opposition to Summary Judgment if

5

plaintiff's counsel does not know the evidentiary source on which the defendant relies in its statements.

10.	Accordingly, the defendant's statements in "Section One: Facts" of the defendant's Brief in Support of a Motion for Summary Judgment as referenced in Paragraph 6 of this Motion to Strike are due to be stricken because the lack of citations to support the defendant's statements imposes an undue burden on the plaintiff in the plaintiff's effort to refute those statements and identify any genuine issues of fact for the Court's consideration of the motion for summary judgment. In the alternative, the portions of said statements as set out in Paragraph 6 of this Motion are due to be stricken.

11.	The defendant's failure to provide citations to the record for each of the statements referenced in Paragraph 6 of this Motion to Strike are further due to be stricken because they impose an undue burden on this Court. As the Court is seeking to determine whether, in its consideration of the defendant's motion for summary judgment, there are any genuine issues of fact, Fed. R. Civ. P. 56(c), the Court will be required to determine whether the defendant's statements in "Section One: Facts" of its Brief are authentic facts supported by the record. The defendant's statements referenced in Paragraph 6 of this Motion are due to be stricken because the defendant failed to submit factual assertions "responsibly" to allow for the "efficient management of judicial business" by this Court. See Orr, 285 F.3d at 775. As it is not the Court's responsibility to sift through the record to determine whether the defendant's statements are properly founded in the record such that they constitute facts, this Court should strike the defendant's statements consistent with the sentiments of the Eleventh Circuit and other courts, as it is within this Court's discretion to do so.

12.     Accordingly, the defendant's statements in "Section One: Facts" of the defendant's Brief in Support of a Motion for Summary Judgment as referenced in Paragraph 6 of this Motion to Strike are due to be stricken because the failure to provide citations for the statements imposes an undue burden on this Court to determine whether any genuine issues of fact exists in its consideration of the motion for summary judgment.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff respectfully requests this Honorable Court issue an Order striking in their entirety each and every statement set forth by the defendant in "Section One: Facts" of the defendant's Brief in Support of a Motion for Summary Judgment that does not have an adjoining citation to the record following the statement; or in the alternative, striking portions of the statements as set out herein and any and all references to or discussion of same in the defendant's Motion for Summary Judgment, the corresponding Brief submitted therewith, and the defendant's subsequently submitted Reply Brief.

Respectfully submitted,

*/s/ Temple Trueblood/*

Ann C. Robertson
Temple D. Trueblood
Attorneys for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS
301 19th Street North
Birmingham, AL 35203
(205) 328-0640

7

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following via United Stated mail, first-class postage prepaid and properly addressed to:

George B. Gordon, Esq.
Norma M. Lemley, Esq.
Office of Counsel
The University of Alabama System
Box 870106
Tuscaloosa, Alabama 35487-0106

on this the 14th day of July, 2004.

OF COUNSEL