IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
04 JUL 14 PM 3:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SEYED MOOSAVI )<br>     Plaintiff, )<br> )<br>vs. )<br> )<br>UNIVERSITY OF ALABAMA, )<br> )<br>     Defendant. ) | CIVIL ACTION NO.<br><br>CV-03-JEO-2165-W |

### PLAINTIFF'S MOTION TO STRIKE PURSUANT TO
### FEDERAL RULE OF CIVIL PROCEDURE 56(e)

**COMES NOW** the plaintiff, Seyed Moosavi, in the above-styled cause and pursuant to Federal Rule of Civil Procedure 56(e) moves this Honorable Court to strike various portions of items offered by the defendant as an evidentiary submission in support of the Defendant's Motion for Summary Judgment in the above-styled cause. In support whereof, the plaintiff states the following:

   1.   On or about June 9, 2004, the defendant filed its Motion for Summary Judgment and the "Declaration of Production from Shelton State" by Johnny Parker, and the produced documents attached therein, in support of Defendant's Motion for Summary Judgment.

   2.   The "Declaration of Production of Shelton State" signed by Records Custodian Johnny Parker, dated February 3, 2004, and all documents thereby attached that were produced by Shelton State Community College, are due to be stricken for the reasons as further set out herein. Further, plaintiff requests that any and all portions of the defendant's Motion for Summary Judgment and the corresponding Brief filed therewith that make reference to or

1

otherwise allude to or discuss the "Declaration of Production" or documents produced by Shelton State Community College ("Shelton State"), or portions thereof, be stricken as well.

    3.    The plaintiff respectfully requests these evidentiary items and statements as presented above be stricken, as they fail to meet the requirements of Federal Rule of Civil Procedure 56(e). The relevant portion of Rule 56(e) states, "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts *as would be admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e) (emphasis added). The court in Wyant v. Burlington Northern Sante Fe Railroad, 210 F.Supp.2d 1263 (N.D.Ala. 2002), has recently cited and applied the general rule that "if a supporting or opposing affidavit fails to conform to Rule 56(e), the opposing party may move to strike the non-conforming portion or portions." Id. at 1272 (citing Ali v. City of Clearwater, 915 F.Supp. 1231, 1236 (M.D.Fla. 1996); Interfase Marketing, Inc. v. Pioneer Technologies Group, Inc., 1993 WL 229601, *2 (M.D.Fla. 1993); Barnebey v. E.F. Hutton & Co., 715 F.Supp. 1512, 1529 (M.D.Fla. 1989).

    4.    The plaintiff respectfully requests that the evidentiary items and statements as listed in Paragraph 2 of this Motion to Strike be stricken under Federal Rule of Civil Procedure 56(e) because the evidentiary items and statements are inadmissible under Federal Rules of Evidence 401 and 402. Rule 401 states: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Accordingly, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. This Court has held that where evidence is found to be inadmissible, that evidence cannot be included in the Court's

consideration of a motion for summary judgment. Wyant, 210 F.Supp.2d at 1277.

5.      The defendant has submitted the Declaration of Production from Shelton State, and the produced documents attached therein, in support of its Motion for Summary Judgment. In this Declaration of Production dated February 3, 2004, Johnny Parker states: "I, Johnny Parker, am the records officer or custodian of records of the above-named organization responsible for the records requested by Defendant's Subpoena dated December 16, 2003, which was served upon counsel for Shelton State and directed to me and the organization in the above-captioned action." ("Declaration of Production from Shelton State" at 1.)

6.      The Declaration of Production from Shelton State, and the produced documents attached therein, are due to be stricken pursuant to Rule 401 because Shelton State's decision not to hire Moosavi is not relevant to the defendant's decision not to hire Moosavi. The defendant had no knowledge of Shelton State's decision to deny employment to Moosavi at the time of the defendant's decision because the defendant did not receive Moosavi's application file from Shelton State until after February 3, 2004. The defendant's decision to not hire Moosavi occurred in May 2002, long before the defendant obtained Moosavi's application file from Shelton State in 2004. Thus, the defendant could not have considered the information contained in the documents produced by Shelton State because the defendant had no knowledge of the substance of the documents until almost two (2) years after its decision to not hire Moosavi. Shelton State's denial of employment is therefore not relevant under Rule 401 to the defendant's decision to not hire Moosavi because if the defendant had no knowledge of the information contained within the documents attached to the "Declaration of Production from Shelton State" at the time of the defendant's decision, the members of the defendant's hiring committee could

not have considered Shelton State's decision in the defendant's consideration of whether to hire Moosavi.

7. Accordingly, the Declaration of Production from Shelton State, and the produced documents attached therein, are due to be stricken under Rule 56(e) because they are not relevant to the defendant's decision to not hire Moosavi and thus they are inadmissible as evidence under Rule 402.

8. In the alternative, the Declaration of Production from Shelton State, and the produced documents attached therein, are due to be stricken because they regard only the credibility of the defendant's decision to deny employment to Moosavi, and thus is an improper issue for summary judgment. The defendant states in his Brief supporting his Motion for Summary Judgment: "The fact that the search committee questioned whether Moosavi had 18 hours and the fact that Dr. Roehl did not believe Moosavi met minimal qualifications was a legitimate non-discriminatory concern. A local search committee at [Shelton State] just a few years earlier raised the same questions." (Def's Br. Supp. Mot. Summ. J. at 33.) In ruling on a motion for summary judgment, "it is inappropriate to resolve issues of credibility, motive, and intent." Hardin v. Pitney-Bowes Inc., 451 U.S. 1008, 1008 (1981); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (U.S. 1986) ("Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."); Stewart v. Booker T. Washington, 232 F.3d 844, 850 (11th Cir. 2000); MCC-Marble Ceramic Center, Inc. v. Ceramica Nuova d'Agostina, S.p.A., 144 F.3d 1384, 1392 n.20 (11th Cir. 1998) ("[plaintiff's] alleged feelings toward his former employer may indeed be relevant to undermine

4

the credibility of his assertions, but that is a matter for the finder of fact, not for this court on summary judgment."). The defendant is essentially arguing that the defendant's decision to not hire Moosavi is credible because Shelton State Community College made the same decision. The defendant references Shelton State's decision and provides the Declaration of Production and produced documents attached for no other reason than this argument. The Declaration of Production and the produced documents attached therein should be stricken because the Court should not consider the defendant's credibility in the Court's consideration of the motion for summary judgment, as such an issue is more appropriately left for the finder of fact. As the Court should not consider the defendant's credibility, the Court should strike the Declaration of Production and the produced documents attached therein because it is presented with the defendant's Brief only for that issue.

9. Accordingly, the Declaration of Production from Shelton State and the produced documents attached therein, are due to be stricken because they regard only the credibility of the defendant, an issue which should not be decided on summary judgment but rather should be left to the factfinder.

**WHEREFORE, PREMISES CONSIDERED,** the plaintiff respectfully requests this Honorable Court issue an Order striking the Declaration of Production from Shelton State and the produced documents attached therein, or portions thereof; or in the alternative, striking portions of the Declaration of Production and produced documents attached and any and all references to or discussion of same in the defendant's Motion for Summary Judgment, the corresponding Brief submitted therewith, and the defendant's subsequently submitted Reply Brief.

Respectfully submitted,

*/s/ Temple D. Trueblood*

Ann C. Robertson
Temple D. Trueblood
Attorneys for Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS
301 19th Street North
Birmingham, AL 35203
(205) 328-0640

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following via United Stated mail, first-class postage prepaid and properly addressed to:

George B. Gordon, Esq.
Norma M. Lemley, Esq.
Office of Counsel
The University of Alabama System
Box 870106
Tuscaloosa, Alabama 35487-0106

on this the 14th day of July, 2004.

_____
OF COUNSEL